UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC 15-0054-JAK (ASx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | Roger Stadmueller and Stadmuellar and Associates, P.C., v. United States of America | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | CS 08/13/14 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondent: |
| Daniel J. Treuden, Esq., appearing by telephone with leave of Court | Robert F. Conte, Assistant U.S. Attorney |

**Proceedings:**     **Order DENYING Petitioner's Motion to Quash IRS Summons**

On August 13, 2015, the Court held a hearing on Petitioner's motion to quash an IRS summons, dated February 15, 2015, directing Bank of America to provide certain records relating to Petitioner's accounts.

The Court has reviewed the following pleadings filed in connection with the motion to quash: the motion to quash filed on March 9, 2015 (Dkt. No. 1); Declaration of Daniel Treuden with exhibits, filed March 9, 2015 (Dkt. No. 4); Respondent's Motion to Deny and Dismiss the Motion to Quash, and declaration of IRS Revenue Agent Martin with exhibits, filed June 15, 2015 (Dkt. No. 10) and the Indictment filed in the Eastern District of Washington on June 2, 2015, in case number 15-CR-59-TOR (attached as Exhibit 1 to the Declaration of Agent Martin).

On June 2, 2015, a federal grand jury in the Eastern District of Washington returned an 8-count indictment charging Petitioner with criminal tax offenses relating to his individual and corporate tax returns for the years 2007 though 2010. (See Martin Decl., Exh.1). The indictment was the culmination of a criminal tax investigation of defendant. (See Treuden Decl., Exhs. B and D). During the criminal investigation, the U.S. Attorney's Office in the Eastern District of Washington issued a grand jury subpoena to Petitioner in his capacity as the custodian of records for several business entities, including Petitioner's accounting firm, Stadtmueller and Associates. (See Treuden Decl., Exh. C). The grand jury subpoena, issued on February 15, 2013, sought records "for the years: 2005-Present." Id.

On February 17, 2015. IRS Revenue Agent Martin issued an administrative summons to Bank of America seeking bank records relating to Petitioner's accounts for the years 2012 to the present. (Martin Decl., Exh.2). The summons was issued in connection with Agent Martin's investigation of "whether petitioner improperly took control over and/or caused to be deposited into his account all or a portion of tax refunds issued to his clients." (Martin Decl., ¶ 7). Agent Martin's declaration makes clear that the issuance of the administrative summons is not part of the IRS' criminal investigation of Petitioner, he does not have access to information obtained by the criminal investigators, including records and information obtained by grand jury subpoena during the criminal investigation, and he has not made any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC 15-0054-JAK (ASx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | Roger Stadmueller and Stadmuellar and Associates, P.C., v. United States of America | | |

final determinations regarding his investigation. Id. ¶¶ 8- 9. On March 19, 2015, Agent Martin received a parcel from Bank of America which appeared to contain the records responsive to the administrative summons. However, he re-sealed the package and did not review its contents pending the outcome of Petitioner's motion to quash.

Petitioner contends that the administrative summons issued to Bank of America is intended to obtain records to be used as evidence in support of the criminal prosecution of Petitioner and was issued in bad faith. Petitioner claims that the records being sought by the administrative summons are "largely identical" to the records subpoenaed by the grand jury during the criminal investigation, (Motion at 2, 4), and that the IRS is issuing the summons in an attempt to "exploit its civil investigatory powers as a de facto grand jury." (Motion at 8). In its opposition to the Motion to Quash, Respondent contends that the administrative summons was properly issued; the government has made the required prima facie showing that the summons was issued for a legitimate purpose - the investigation being conducted by Agent Martin - and is legally sufficient (Opp. at 4-5). Respondent points out that the criminal referral that resulted in the indictment of petitioner was for different tax years than the tax years under investigation by Agent Martin, and that Agent Martin has not had access to records obtained during the criminal investigation. Id. at 6.

As Respondent notes, the IRS is not precluded from issuing an administrative summons when a criminal referral has been made to the Department of Justice if the summons relates to different tax years that are not the subject of the referral. See Opp. at 8, citing 26 U.S.C. § 7602(d)(3), Treas. Reg. § 301.7602-1(c)(4)(ii), and Commissioner v. Hayes, 631 F.Supp. 785, 787 (N.D. Cal. 1985). As set forth above, the declaration of Agent Martin clearly states that the summons was issued in connection with a civil investigation for tax years that are different from the tax years at issue in the criminal investigation and for which petitioner has been indicted. The Court also finds that Respondent has met the standards set forth in United States v. Powell, 379 U.S. 48, 57-58 (1964): the tax investigation is for a legitimate purpose, the records being sought are relevant to the purpose of the investigation, the information requested is not already in the possession of the IRS, and the IRS has followed the required administrative steps. Thus, Respondent has made the required prima facie showing that the summons was issued for a legitimate purpose. Indeed, Petitioner's only objection to the summons is his claim that it was issued in bad faith. However, the Court finds that Petitioner has failed to establish any bad faith on the IRS' part. During the hearing, Petitioner's counsel claimed that the information sought by the administrative summons could be introduced as evidence in the pending criminal case or, if Petitioner is convicted, in connection with his sentencing. The Court finds this argument to be speculative and not indicative of any bad faith on Respondent's part. Moreover, Petitioner has appropriate remedies to challenge the admission of any such evidence at trial or its consideration at sentencing.

For these reasons, Petitioner's Motion to Quash the Summons is DENIED. Respondent may review the records that were produced by Bank of America in response to the Summons.

IT IS SO ORDERED.

cc: John Kronstadt

AF

0 : 17